[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Continental Assurance Company, moves for summary judgment claiming that, based upon the undisputed facts, the subject policy did not provide the coverage claimed by plaintiff.
The parties agree that the plaintiff was covered as a dependent under his father's group health policy while attending school full-time and residing in his father's household; and that, under the terms of the policy, coverage terminated on May 2, 1985 when plaintiff graduated from school. The parties further agree that the defendant is obligated to pay for medical expenses resulting from plaintiff's psychiatric disorder and incurred for services rendered and purchases made up until May 2, 1985. However, defendant claims it is not obligated to pay for expenses incurred for services rendered and purchases made subsequent to May 2, 1985 based on the express terms of the policy. Plaintiff claims its rights under the policy vested CT Page 6455 prior to May 2, 1985 and continued until treatment was concluded, some (3) years subsequent. Both parties agree there remains no genuine issue of fact.
Under the express terms of the policy it is clear that all benefits cease when the policy terminates except for expenses incurred for services rendered and purchases made prior to said date. Plaintiff does not dispute the express language of the policy but bases its claim on Sec. 38-483 (b)(8) of the General Statutes and public policy considerations.
Sec. 38-483 (b)(8) provides, among other things, that, "cancellation shall be without prejudice to any claim originating prior to the effective date of cancellation." Plaintiff argues the section applies to the circumstances of this case though, technically, this case involves a termination of the policy as to plaintiff rather than a cancellation of the policy.
As plaintiff notes in its brief, the court, in Cataldie v. Louisiana Health Service and Indemnity, 456 So.2d 1373, (La. 1984), discusses a cancellation statute nearly identical to the statute in question. At pages 1375-1377 the court considers the history and legislative intent behind the statute which we adopted by a number of states from a uniform insurance code. The court indicates that the statute was intended to serve as a safeguard against an unconscionable cancellation of a health insurance policy by an insurer after the occurrence of an illness or injury but before the loss had fully accrued; or, similarly, as in Cataldie, a situation where an unconscionable modification of the terms of the policy compels the insured to cancel, to the advantage of the insurer.
In the case at bar the defendant took no unconscionable advantage by either cancelling plaintiff's policy or compelling plaintiff to cancel its policy; but, rather, relied on the express terms of its contract with plaintiff, agreed to before either party was aware of plaintiff's disorder.
In oral argument plaintiff claimed the Connecticut version of the statute, unlike the Louisiana version, applied to both cancellation by the insured as well as the insurer, suggesting a different policy and intent. In fact, the Louisiana version interpreted in Cataldie also applies to cancellation by insured as well as insurer. See La.R.S. 22:213(B)(7).
It is also interesting to note that Sec. 38a-487 of the General Statutes, which applies specifically to health insurance coverage after termination, makes no reference to language plaintiff claims applies to termination situations through CT Page 645638a-483 (b)(8).
Other cases cited by plaintiff in support of its claim, where courts decided coverage continued after the claimed termination dates, dealt with situations where ambiguities existed in the terms of the policies in question, and those ambiguities were necessarily resolved in favor of the claimants.
Neither statutory law or public policy considerations require this matter to be resolved other than in accordance with the terms of the insurance contract.
Motion for Summary Judgment is granted except as to services performed and purchases made prior to May 2, 1985 in conjunction with said psychiatric disorder.
BY THE COURT ROLAND D. FASANO, J.